**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4121

JOSEPH EDWARD STEPHENS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-97-121)

Submitted: September 8, 1998

Decided: September 21, 1998

Before MURNAGHAN and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles R. Brewer, Asheville, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Thomas R. Ascik, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Joseph Edward Stephens pled guilty without benefit of a plea agreement to one count of receiving through the mail videotapes depicting minors engaged in sexually explicit conduct in violation of 18 U.S.C.A. § 2252(a)(2) (West Supp. 1998). He appeals the forty-two month sentence imposed by the district court, asserting that the district court erred in applying USSG § 2G2.2* (trafficking in, receiving, transporting, or advertising material involving sexual exploitation of minors, and possession of such materials with intent to traffic) rather than USSG § 2G2.4 (possession of materials depicting a minor engaged in sexually explicit conduct). Application of USSG § 2G2.4 would have resulted in a lower sentence because it lacks a specific offense characteristic contained in USSG § 2G2.2 that applied in Stephens' case. Finding no error, we affirm.

Stephens responded to a notice placed on the Internet by an undercover police officer who indicated that he was interested in trading videos. Stephens offered to trade videos, explained what he wanted, and listed the titles of a number of videos he had available. The officer sent Stephens detailed descriptions of five videos depicting minors involved in sexually explicit conduct; four involved minors under the age of twelve. Stephens mailed the officer a package containing payment for all five videos and fourteen videos of his own which he offered to trade for additional videos. The five videos Stephens ordered were delivered to his post office box and he was arrested after he picked up the package.

The commentary to USSG § 2G2.2 provides that it applies to convictions under 18 U.S.C.A. § 2252(a)(2), which criminalizes (1) transportation of materials depicting minors engaging in sexually explicit conduct, (2) receipt or distribution of such materials, and (3) sale or possession with intent to sell of such materials. The commentary to USSG § 2G2.4 provides that it applies to convictions under 18 U.S.C.A. § 2252(a)(4), which criminalizes possession of three or

_____

*U.S. Sentencing Guidelines Manual (1997).

2

more materials depicting minors engaging in sexually explicit conduct. Although Stephens pled guilty to a violation of § 2252(a)(2), he argued at sentencing that the court should apply USSG § 2G2.4. He asserted that he had not been charged with intent to traffic in child pornography and that, therefore, the guideline applicable to possession of child pornography should be applied. He argued that it is significant that USSG § 2G2.4 contains a cross-reference to USSG § 2G2.2 to be applied if the offense involved receipt of pornographic materials involving minors with intent to traffic. From this, he argued that USSG § 2G2.2 only applies to receiving such materials with intent to traffic in them.

The district court determined without comment that the applicable guideline was USSG § 2G2.2. We agree. Stephens was convicted of receiving materials depicting minors engaging in sexually explicit conduct, an offense which falls squarely within USSG§ 2G2.2. Consequently, USSG § 2G2.2 was the guideline which was "most applicable to the offense of conviction." See USSG § 1B1.2(a).

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3